# Court of Appeals
# of the State of Georgia

ATLANTA,　August 03, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1756. IN THE INTEREST OF R. W., JR., et al., CHILDREN (PARENTS).**

On April 2, 2021, Recardo and Therian Wimbush filed this direct appeal, purporting to seek appellate review of a juvenile court order of adjudication entered on February 25, 2015. In the order sought to be appealed, the juvenile court found the Wimbushes' ten children to be dependent, placed them in the custody of the Department of Family and Children Services, and scheduled a judicial review and further disposition for March 2015. We lack jurisdiction.

Therian Wimbush initially filed notices of appeal from the February 25, 2015 order on March 16 and 25, 2015. The Wimbushes now claim that the juvenile court failed to transmit Therian Wimbush's appeal to this Court at that time. However, the record shows that Therian Wimbush withdrew that appeal on May 8, 2015, and the Wimbushes identify no authority suggesting that they may now jointly reinstate a voluntarily withdrawn six-year-old appeal filed by only Therian Wimbush. Moreover, standing alone, the Wimbushes' April 2021 notice of appeal (the first to which Recardo is a party) is untimely by more than six years. See OCGA § 5-6-38 (a) (a notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed); *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012) (the proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court). Consequently, this appeal is hereby DISMISSED for lack of jurisdiction.[1]

---

[1] Given our ruling in this regard, we express no opinion on whether the Wimbushes' appeal also is subject to dismissal: (i) for failure to comply with the



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  08/03/2021
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_ , Clerk.

discretionary appeal statute because they were both incarcerated when they filed this civil appeal, see OCGA §§ 5-6-35 (b); 42-12-3 (1); 42-12-8; (ii) as moot, in light of (a) an October 2017 juvenile court order appointing a maternal aunt and uncle as permanent guardians of the Wimbushes' oldest child (who is now an adult) and (b) a November 2017 juvenile court order terminating their parental rights as to their other nine children (two of whom are now also adults); and/or (iii) as otherwise barred by the law of the case or res judicata.